ASJZ:2015R00708

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
CLERK'S OFFICE
AT BALTIMORE
BY________DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**UNITED STATES OF AMERICA** * **CRIMINAL NO.** ELH-16-0271

**v.**

**HEATHER WAGONER**

**Defendant**

**(Sex Trafficking of a Minor, 18 U.S.C. § 1591(a); Use of Interstate Facilities to Promote Enterprise involving Prostitution, 18 U.S.C. § 1952(a)(3); Aiding & Abetting, 18 U.S.C. § 2)**

*******

**INDICTMENT**

**COUNT ONE**
**(Sex Trafficking)**

The Grand Jury for the District of Maryland charges that:

**Introduction**

At all times relevant to this Indictment,

1. Defendant **HEATHER WAGONER** was a resident of Virginia.

**The Minor Sex Trafficking Victim**

2. "Minor 1", a female under the age of 18, was a victim of the crimes alleged herein. "Minor 1" was a resident of Maryland and was born in 1998.

**The Charge**

3. From in or about October 2014, continuing through on or about December 19, 2014, in the District of Maryland and elsewhere, the defendant,

**HEATHER WAGONER**

did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, "Minor 1," and did benefit financially and by receiving anything of value from participation in a venture engaged in

such acts, knowing, and in reckless disregard of the fact, and having had a reasonable opportunity to observe "Minor 1," that "Minor 1" had not attained the age of 18 years and would be caused to engage in a commercial sex act.

18 U.S.C. § 1591(a), (b)
18 U.S.C. § 2

**COUNT TWO**

**(Use of Interstate Facilities to Promote Enterprise involving Prostitution)**

The Grand Jury for the District of Maryland further charges that:

1. The allegations set forth in Paragraphs 1 through 2 of Count One of this Indictment are incorporated by reference here.

2. From in or about November 2014, continuing through on or about December 19, 2014, in the District of Maryland and elsewhere, the defendant,

**HEATHER WAGONER**

used a facility in interstate and foreign commerce, with intent to promote, manage, establish, carry on, and facilitate the promotion, management, establishment, and carrying on, of an unlawful activity, that is, a business enterprise involving prostitution offenses in violation of the laws of the State of Maryland and of the United States, and thereafter performed and attempted to perform an act that promoted, managed, established, carried on and facilitated the promotion, management, establishment and carrying on of said unlawful activity.

18 U.S.C. § 1952(a)(3)
18 U.S.C. § 2

**FORFEITURE ALLEGATION**

The Grand Jury for the District of Maryland further charges that:

1. Pursuant to Federal Rule of Criminal Procedure 32.2, notice is hereby given to the defendants that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1594(e)(1) and (2), in the event of a conviction on Count One of this Indictment; and

2. As a result of the offense set forth in Count One of this Indictment, defendant,

**HEATHER WAGONER**

shall forfeit to the United States of America:

a. Any property, real or personal, constituting, traceable, or derived from gross profits or other proceeds obtained, directly or indirectly, from the offense;

b. The defendant's interest in any property, real or personal, used or intended to be used to commit or to promote the commission of the offense.

3. If any of the property described above as being subject to forfeiture pursuant to 18 U.S.C. 1594(e)(1) and (2), as a result of any act or omission of the defendant,

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be subdivided without difficulty;

the United States intends to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

18 U.S.C. 1594(e)
28 U.S.C. § 2461(c)

Rod Rosenstein /AE
Rod J. Rosenstein
United States Attorney

A TRUE BILL:

SIGNATURE REDACTED

1 JUNE 2016

Foreperson

Date